# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:21-cv-00534-MR

| | |
|---|---|
| LINDA MARIE SWINSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

## I. PROCEDURAL HISTORY

The Plaintiff, Linda Marie Swinson ("Plaintiff"), filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act"), alleging an onset date of January 1, 2014. [Transcript ("T.") at 13]. The Plaintiff's application was denied initially and upon reconsideration. [Id.]. Upon the Plaintiff's request, a hearing was held on January 19, 2021, before an Administrative Law Judge ("ALJ"). [Id.]. On March 3, 2021, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 28]. The Appeals

Council denied the Plaintiff's request for review on August 11, 2021, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

### III.  THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need

not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's

4

ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering this burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since May 3, 2019, the application date. [T. at 15]. At step two, the ALJ found that the Plaintiff has severe impairments, including: chronic obstructive pulmonary disease ("COPD")/emphysema, type 2 diabetes mellitus, neuropathy, anxiety, major depression, protein S deficiency, hypertension, and morbid obesity. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform medium work as defined in 20 CFR 416.967(c) except she is able to frequently, but not continuously, perform all postural activities. She should avoid workplace hazards such as ladders, ropes, scaffolds, unprotected heights, or machinery with dangerous parts. She is able to occasionally use the bilateral lower extremities for pushing, pulling, and operating foot controls. She should avoid even moderate exposure to fumes, odors, gases, respiratory irritants, and poorly ventilated work environments. She is able to sustain attention and concentration for two hours at a time. She should avoid work environments dealing with crisis situations, complex decision making, or constant changes in a routine setting. She can perform unskilled work and carry out routine, repetitive tasks. She is able to frequently, but not continuously, interact with coworkers, supervisors, and the public.

[Id. at 18].

At step four, the ALJ identified the Plaintiff's past relevant work as a customer service specialist. [Id. at 26]. The ALJ observed, however, that the Plaintiff is "unable to perform any past relevant work." [Id.]. At step five, based upon the testimony of the vocational expert ("VE"), the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including: can filler, laundry laborer, and lining inserter. [Id. at 27-28]. The ALJ therefore concluded that the Plaintiff was not disabled from May 3, 2019, the date the application was filed, through March 3, 2021, the date of the ALJ's decision. [Id. at 28].

## V. DISCUSSION[1]

As her sole assignment of error, the Plaintiff argues that the ALJ improperly evaluated a medical expert opinion. [Doc. 12 at 6]. The Defendant, on the other hand, argues that the ALJ properly evaluated the opinion and that the ALJ's decision is supported by substantial evidence. [Doc. 14 at 7].

For applications filed on or after March 27, 2017, such as the Plaintiff's, the Social Security Administration has changed how adjudicators assess

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

7

medical opinions. See 20 C.F.R. § 416.920c. Specifically, an ALJ is required to consider and articulate in the administrative decision how persuasive she finds each medical opinion. Id. § 416.920c(a). The regulations list factors that ALJs consider when evaluating the persuasiveness of medical opinions, which are: supportability, consistency, relationship with the claimant, specialization, and "other factors" (including familiarity with other evidence in the claim or an understanding of program policies and evidentiary requirements). Id. § 416.920c(c). Of these factors, "supportability" and "consistency" are the most important. Id. § 416.920c(a). When an ALJ considers an opinion's supportability, she evaluates the relevance of the medical evidence and explanation presented by the medical source. Id. § 416.920c(c)(1). When she considers consistency, the ALJ considers whether the medical opinion is consistent with other medical opinions or medical evidence in the record. Id. § 416.920(c)(2).

Here, the Plaintiff argues that the ALJ improperly evaluated Nurse Practitioner Dawn Hale's opinion. The ALJ summarized Nurse Hale's opinion by stating:

> Dawn Hale, NP, opined on December 9, 2020 that the claimant could lift and carry no more than 10 pounds. She could use her hands for simple grasping, fine manipulation, pushing and pulling of arm controls, writing, or keyboarding 30% of the time in an eight-hour workday. She could work with her

8

> hands reaching forward 50% of the time in an eight-hour workday. She could stand and/or walk no more than two hours and sit six hours in an eight-hour workday. She could push and pull her legs and use foot controls 20% of the time in an eight-hour workday. She could stoop and balance 10% of the time and bend 30% of the time in an eight-hour workday. She had severe limitations with unprotected heights and/or dangerous machinery and with exposure to dust and fumes. She had moderate limitations with exposure to marked changes in temperature and humidity. She would be mentally off task and unable to focus on one and two-step tasks more than 25% of the time in an eight-hour workday (Exhibit B36F).

[T. at 23]. The ALJ then stated that although she had given the opinion "due consideration" as the opinion of the Plaintiff's treating provider, she found that Nurse Hale's opinion was "not persuasive because [it is] inconsistent with the progress notes and not supported by the findings on examinations." [Id.]. The ALJ stated that the record evidence supported her determination of the Plaintiff's RFC, stating that:

> Specifically, diagnostic tests revealed COPD and emphysema (Exhibit B13F, B16F, B30F, and B32F). During the August 2019 consultative examination, the claimant was so anxious that it affected her in concentrating and paying attention. There were times when the examiner had to repeat things and wait for her to calm down before he could proceed. She was able to recall one out of five words after a three-minute delay. She cried on and off during the evaluation (Exhibit B12F). Labs showed that her sugar levels were elevated (Exhibits B26F/9, B29F/57, 98, 205, 214, 305, 339, 658, B30F/20, and

9

>B35F/2). She had decreased sensation at her feet. Yet, on physical examinations, her gait, motor strength, and blood pressure were repeatedly normal, her lungs were frequently clear to auscultation bilaterally, and she did not use an assistive device for ambulation (Exhibits B15F, B24F, B26F, B29F, B30F, B32F, B34F, and B35F). Additionally, she denied suicidal and homicidal ideations and displayed an appropriate appearance, clear speech, cooperative behavior, and intact judgment. Further, at Atrium Health from August 2019 to December 2020, no abnormalities were noted with the claimant's mood, affect, memory, attention, concentration, or motor activity (Exhibits B12F, B15F, B24F, B26F, B29F-B32F, and B34F-B35F). The claimant has also not required repeated hospitalizations or emergency room treatment for depression, anxiety, blood sugar extremes, neuropathy, COPD, emphysema, or hypertension during the period at issue.

[Id.].

Although the ALJ listed numerous cites to the record, she provided no explanation connecting the cited evidence to her evaluation of Nurse Hale's opinion. The ALJ does not compare the cited evidence to any of Nurse Hale's findings or explain how specific pieces of record evidence contradict Nurse Hale's opinion. In fact, some of the evidence recited by the ALJ seems to be *consistent* with Nurse Hale's opinion—while the ALJ does cite to some normal exam results, she also cites to several pieces of record evidence showing abnormal results and mental health challenges. Without more, this

10

recitation of evidence does not sufficiently explain how the ALJ evaluated the consistency of Nurse Hale's opinion.

Further, the ALJ never states that she considered the supportability of Nurse Hale's opinion, despite supportability being one of the two factors the Social Security Administration regulations designate as the most important to the determination of persuasiveness. While the ALJ summarized Nurse Hale's findings, she failed to provide any analysis of what led Nurse Hale to make those findings. The ALJ also does not articulate, much less evaluate, Nurse Hale's explanations. Thus, the Court cannot conclude that the ALJ evaluated the supportability of Nurse Hale's opinion as required by the Social Security Administration's own regulations.

As there is no explanation as to how the ALJ reached her conclusion about the consistency of Nurse Hale's opinion and there is nothing in the ALJ's opinion indicating that she considered the supportability of Nurse Hale's opinion, the Court cannot say that the ALJ's ultimate decision was supported by substantial evidence. See Patterson v. Comm'r., 846 F.3d 656, 662 (4th Cir. 2017). For the reasons stated, the Court concludes that remand is required.

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. Upon remand, the ALJ should analyze the supportability and consistency of medical opinions and include an explanation of how record evidence supports her assignment of persuasiveness to opinions.

### O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 13] is **DENIED**, and the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED**. Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge